FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>DANIEL WOOLEM,<br><br>    Defendant. | No. 1:16-CR-02079-SAB-1<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

Before the Court is Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 429. An evidentiary hearing was held on March 23, 2023, in Yakima, Washington. Roger J. Peven and Kailey Moran appeared on behalf of Defendant Daniel Woolem, who was present in the courtroom and in custody of the U.S. Marshals Service. Assistant United States Attorney Thomas Hanlon appeared on behalf of the United States of America.

Mr. Woolem moves under 28 U.S.C. § 2255 for relief from his federal sentence. He claims he was denied effective assistance of counsel by the performance of his trial attorney, sentencing attorneys, and appellate attorney, in violation of the Sixth Amendment to the U.S. Constitution. Mr. Woolem also contends his due process rights were violated when an attorney who was not counsel of record appeared on his behalf at sentencing. The Court finds Mr.

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 \*1**

Woolem's attorneys provided competent assistance and Mr. Woolem's due process rights were not violated. Therefore, the motion is denied.

## Background

On April 11, 2017, Mr. Woolem was indicted of the following counts: (1) conspiracy to distribute methamphetamine; (2) distribution of 3 grams or more methamphetamine; and (4-7) distribution of 5 grams of methamphetamine.

A jury trial on all counts was held on August 22, 2017. Mr. Woolem was represented by Ricardo Hernandez. At trial, co-defendant Jose Garza and several informants testified that Mr. Woolem gave them methamphetamine. The United States introduced camera footage and police testimony to corroborate the testimony. Mr. Woolem presented character witnesses in his defense; he also maintained his innocence throughout trial and testified on the stand that he never distributed drugs to the United States' witnesses. After a two-day trial, a jury found Mr. Woolem guilty on all counts.

Soon after the jury's verdict, Mr. Hernandez sought leave to withdraw as counsel for Mr. Woolem. Mr. Hernandez had appeared as a "stand-in" counsel for Mr. Garza twenty years before. Since Mr. Garza testified against Mr. Woolem at trial, Mr. Woolem believed a conflict of interest existed, although Mr. Hernandez disagreed. The Court found there was no conflict of interest, but granted the motion to withdraw based on the finding that the relationship between Mr. Woolem and Mr. Hernandez was irretrievably broken. The Court appointed attorney Scott Johnson, a member of the district's Criminal Justice Act (CJA) Panel, for sentencing.

The U.S. Probation Officer submitted a draft and final Pre-Sentence Investigation Report (PSIR) in anticipation of sentencing. ECF Nos. 291 and 295. The United States filed an objection to the final PSIR, arguing a two-level enhancement should apply for obstruction of justice. ECF No. 305. The Probation Officer agreed and submitted a second draft and final PSIR, which added the two-

level enhancement. ECF No. 312. Mr. Woolem filed a Sentencing Memorandum on February 6, 2018, and sentencing was held on February 7, 2018.

Mr. Johnson was unavailable on February 7, 2018, because of an unexpected death in his family. Mr. Johnson's law partner, Deric Orr, appeared as "stand-in" counsel for the sentencing. Mr. Orr was not a member of the CJA Panel. The Court sentenced Mr. Woolem to 235 months of imprisonment, the upward limit of the guideline range of 188 to 235 months, after imposing a 2-level increase for obstruction of justice.

Mr. Woolem was assigned attorney Bryan Whitaker for his appeal of the judgment and sentence. He filed an appeal on February 10, 2018. The appeal argued, in part, that Mr. Woolem's trial was tainted by ineffective assistance of counsel. In a memorandum disposition filed on April 22, 2019, the Ninth Circuit did not address Mr. Woolem's ineffective assistance of counsel claim on the ground that, generally, such challenges should be brought in habeas proceedings and not on direct appeal. The Ninth Circuit dismissed the ineffective assistance of counsel claim without prejudice and ruled on Mr. Woolem's other claims on the merits.

On March 11, 2021, Mr. Woolem submitted a habeas petition. The Court appointed Roger Peven to represent Mr. Woolem on the petition and granted him leave to expand the petition. On March 23, 2023, the Court held an evidentiary hearing. After the hearing, the parties submitted additional briefing.

**Legal Standard**

1. <u>28 U.S.C. § 2255</u>

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:
(1) the sentence was imposed in violation of the Constitution or laws of the United States;
(2) the court was without jurisdiction to impose such sentence; or

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 *3**

  (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). When reviewing a § 2255 motion, courts apply a harmless error standard. *United States v. Montalvo*, 331 F.3d 1052, 1057 (9th Cir. 2003). A constitutional error does not require reversal of conviction unless the petitioner can show that the error was of such magnitude as to have a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

  2. <u>Ineffective Assistance of Counsel</u>

  The Sixth Amendment to the U.S. Constitution guarantees a right to adequate representation by an attorney. *Strickland v. Washington*, 466 U.S. 668 (1984) governs claims for ineffective assistance of counsel. To obtain relief, the *Strickland* test requires a petitioner to establish (1) deficient performance by counsel and (2) prejudice resulting from that performance. *See Luna v. Cambra*, 306 F.3d 954, 961 (9th Cir. 2002), *as amended*, 311 F.3d 928. First, deficient performance requires that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 694. The general standard for attorney performance is that of "reasonably effective assistance." *Id.* Second, a petitioner must show prejudice resulting from deficient performance by counsel. To show prejudice, a petitioner must demonstrate a reasonable probability that but for counsel's deficient performance, the outcome of the proceedings would have been different. *Id.*; *Luna*, 306 F.3d at 961.

  "The court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689. Deficient performance requires a showing that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 \*4**

norms. *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). The standard is "highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 381–82 (1986). An error by counsel, even if professionally unreasonable, does not warrant setting aside a conviction if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691; *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

In the context of pleas, a petitioner must show the outcome of the plea process would have been different but for the ineffective assistance of counsel. *Missouri v. Frye*, 566 U.S. 134, 148 (2012); *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003). For example, "[i]f it is ineffective assistance to fail to inform a client of a plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest." *Id.* This requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance, but whether he would have accepted the offer to plead pursuant to the terms proposed. *Missouri*, 566 U.S. at 148.

## Issues Presented

Mr. Woolem's habeas petition presents three issues:

(1) Whether trial counsel's conduct during plea negotiations and leading up to trial constitutes ineffective assistance of counsel;

(2) Whether sentencing counsel's conduct constitutes ineffective assistance of counsel or a violation of Mr. Woolem's due process rights; and

(3) Whether appellate counsel's conduct constitutes ineffective assistance of counsel.

## Discussion

The Court personally observed counsel's performance at the jury trial and sentencing in this matter. In addition, the Court heard testimony from Mr. Hernandez, Mr. Johnson, Mr. Orr, Mr. Whitaker, and Mr. Woolem at the evidentiary hearing. The Court finds that Mr. Woolem's former attorneys of record

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 *5**

and Mr. Orr are credible witnesses. As to Mr. Woolem, the Court concludes parts of his testimony are not credible, in part because he admitted to perjuring himself at trial.

1. <u>Whether trial counsel provided ineffective assistance of counsel.</u>

Mr. Woolem contends his trial attorney, Mr. Hernandez, provided ineffective assistance during plea negotiations. He argues that plea negotiations occurred sparsely, and too close to trial, to be meaningful. Mr. Woolem argues that he would have pled guilty if Mr. Hernandez informed him of the option to plead guilty without a written plea agreement, which would have avoided a cooperation requirement.

In this case, Mr. Woolem's trial attorney provided effective assistance of counsel. Mr. Hernandez discussed resolution of the case by plea with the government and Mr. Woolem. He relayed two plea offers from the United States to Mr. Woolem, which involved a recommendation of five years' incarceration and ten years' incarceration, respectively. Mr. Woolem declined to plead guilty pursuant to those agreements because of the requirement that he provide substantial assistance to the United States.

Mr. Hernandez's conduct during plea negotiations did not fall below that of a competent attorney, because he attempted to negotiate plea agreements for Mr. Woolem and timely communicated those offers to him, regardless of those conversations' proximity to trial. The record also shows that conversations took place over the course of three months leading up to Mr. Woolem's trial. Mr. Woolem's ineffective assistance of counsel also fails because he admitted he would not have accepted the plea offers under the terms proposed. *Missouri*, 566 U.S. at 148. Mr. Woolem was not prejudiced by his attorney's conduct.

In addition, the Court finds Mr. Hernandez's assertions that he relayed the option of pleading guilty with Mr. Woolem without a plea agreement to be credible. While Mr. Woolem claims he did not understand the likelihood of being

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 *6**

convicted if he proceeded to trial, it is undisputed that Mr. Woolem and counsel met for over forty hours reviewing discovery, discussing the case, and discussing Mr. Woolem's potential exposure if he proceeded to trial. Mr. Woolem was not left to evaluate the legal sufficiency of the government's evidence on his own. Rather, Mr. Woolem was adamant on proceeding with a jury trial and did so after being informed of the risks by his trial attorney. Mr. Woolem's claim that he was amenable to accepting responsibility and pleading guilty before trial is inapposite, given that he proceeded to trial after being fully informed. Mr. Hernandez's actions leading up to trial were within the wide range of professionally competent advice, and Mr. Woolem also did not demonstrate the outcome would have been different despite for any purportedly deficient advice. *See Missouri*, 566 U.S. at 148.

Mr. Woolem avers Mr. Hernandez's performance was also deficient because he failed to discover a purported conflict of interest before trial. On October 19, 2017, the Court determined a conflict of interest did not exist. The Court declines to reconsider the issue. For all the foregoing reasons, Mr. Woolem's arguments regarding the ineffectiveness of trial counsel are rejected.

2. <u>Whether sentencing counsel provided ineffective assistance of counsel or violated his due process rights.</u>

Mr. Woolem argues Mr. Johnson, his counsel of record for sentencing, provided ineffective assistance because he failed to present explicit objections to the PSIR in his Sentencing Memorandum, did not review the final amended PSIR with him, did not ensure that he prepared a statement of allocution, and filed the Sentencing Memorandum one day before the hearing.

Relatedly, Mr. Woolem argues his right to counsel and due process rights were violated when Mr. Orr "stood in" for Mr. Johnson at sentencing. Mr. Woolem claims Mr. Orr was constitutionally deficient when he failed to adequately prepare or make objections to the PSIR and new evidence introduced at the hearing. Mr.

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** *7

Woolem also contends that his due process rights were violated, because Mr. Orr was not a member of the CJA Panel.

Mr. Johnson met with Mr. Woolem approximately five times to prepare for sentencing, and Mr. Woolem had access to him by telephone. Mr. Johnson remembered reviewing sentencing documents with Mr. Woolem in person and over the phone, including the initial PSIR. Mr. Johnson testified Mr. Woolem had certain strategic goals, which he did his best to carry out through Mr. Woolem's sentencing materials.

At the sentencing on February 7, 2018, Mr. Johnson was unavailable, and Mr. Orr appeared instead. Mr. Orr represented that he spoke to Mr. Woolem, and Mr. Woolem consented to him "standing in" for Mr. Johnson at the hearing. The Court asked Mr. Woolem if he consented to the appearance, and Mr. Woolem orally confirmed that he agreed to Mr. Orr appearing on his behalf.

The Court stated at the hearing that it reviewed all the sentencing materials, including Mr. Woolem's Sentencing Memorandum filed the day before. The United States provided its sentencing recommendation and noted that it disagreed with defense counsel regarding the two-point obstruction of justice enhancement. Mr. Orr confirmed to the Court that Mr. Woolem disagreed with application of the enhancement and applicable caselaw, and objected to the PSIR's factual allegations that Mr. Woolem perjured himself. Mr. Orr argued the mandatory minimum sentence was appropriate for Mr. Woolem, considering potential disparities in sentences between co-defendants, Mr. Woolem's criminal history, and its adequacy to deter Mr. Woolem from future crimes.

The United States also noted during sentencing that one of the defense witnesses made a Facebook post after trial that shared a cooperating co-defendant's information online. The United States argued that the co-defendant potentially placed his life in danger by testifying for the government at trial.

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 \*8**

Here, the Court concludes neither Mr. Johnson nor Mr. Orr provided ineffective assistance of counsel. Mr. Johnson adhered to objective professional norms by meeting with Mr. Woolem on several occasions and reviewing the PSIR. Contrary to Mr. Woolem's claims, Mr. Johnson's Sentencing Memorandum presented objections to the obstruction of justice enhancement and related factual allegations. Those objections were addressed at the sentencing hearing, and the Court ruled against Mr. Woolem on the law.

While Mr. Woolem's Sentencing Memorandum was filed shortly before the hearing, the Court confirmed that it reviewed the filing at the hearing, and the memorandum was meaningfully considered. Mr. Johnson's late filing did not constitute ineffective assistance, and it certainly did not prejudice Mr. Woolem.

Concerning his claim that Mr. Johnson failed to review the PSIR with him, Mr. Woolem did not testify that he was unaware of the contents of the PSIR. In fact, Mr. Woolem was aware of the amendments given the vigorous dispute surrounding the obstruction of justice enhancement and his denial of the allegations of perjury. Mr. Johnson also testified to reviewing sentencing materials with Mr. Woolem. For these reasons, Mr. Johnson did not provide ineffective assistance of counsel.

Mr. Woolem argues in the alternative that his due process rights were violated when the Court did not spec[f]icially inquire into whether he reviewed the PSIR prior to sentencing, as required by Federal Rule of Criminal Procedure 32(i)(1)(A). Here, the entirety of the evidence shows Mr. Woolem read the PSIR and discussed it with counsel. *United States v. Soltero*, 510 F.3d 858, 863 (9th Cir. 2007). Mr. Woolem did not make an affirmative allegation that he failed to read the report and review it with his attorney. *See id.* at 864–85. Mr. Woolem also did not demonstrate that prejudice resulted from any failure to comply with the letter of Rule 32(i)(1)(A). *Id.* at 863. Thus, any error under Rule 32(a)(1)(A) was harmless. *Id.*

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 *9**

Moreover, to the extent that Mr. Johnson did not encourage Mr. Woolem to prepare a statement of allocution, such an action did not fall below the standard of reasonableness in this case, especially since Mr. Woolem continued to deny responsibility after the jury verdict. Mr. Johnson's conduct during sentencing proceedings did not fall below that of a competent attorney, and any deficient performance did not affect the outcome at sentencing.

As "stand-in" counsel, Mr. Orr provided effective assistance. Mr. Orr appeared well-versed at sentencing and articulated the issues raised in Mr. Woolem's Sentencing Memorandum. Mr. Orr objected to application of the obstruction of justice enhancement and the factual allegations pertaining to the same. Mr. Orr argued that a mandatory minimum sentence was sufficient under the factors enumerated in 18 U.S.C. § 3553. Mr. Orr did not object to the Government's introduction of the Facebook post, but that decision was within the scope of his professional discretion not object, given the circumstances at trial and Mr. Woolem's exposure at sentencing. There is no indication that Mr. Orr fell below the standard of a competent attorney, or that any other action would have resulted in a more favorable sentence for Mr. Woolem. Mr. Woolem did not establish either element of the *Strickland* test for his ineffective assistance of counsel claims against Mr. Orr or Mr. Johnson.

Mr. Orr's appearance for Mr. Woolem at sentencing also did not violate his due process rights. In this case, Mr. Woolem did not demonstrate that he had a due process right to an attorney on the CJA Panel for the purpose of his sentencing. The applicable Criminal Justice Act Plan for this district generally requires appointment of an attorney who is a member of the CJA Panel, with certain exceptions for the interests of justice, judicial economy or continuity of representation, or some other compelling circumstance warranting appointment. While the CJA Plan uses some generally mandatory language, the CJA Plan includes exceptions to ensure flexibility based on the circumstances and does not

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** *10

establish an absolute right to representation by an attorney on the CJA Panel. Here, Mr. Johnson's absence was unexpected because of a death in his family. He did his best to help Mr. Woolem by asking his partner, Mr. Orr, to attend the hearing for him. And crucially, Mr. Woolem consented to Mr. Orr's appearance at the hearing. Mr. Woolem's due process rights were not violated.

3. <u>Whether appellate counsel provided ineffective assistance of counsel.</u>

Mr. Woolem argues his appellate attorney failed to provide effective assistance counsel, because his attorney did not communicate with him about the issues to be raised on appeal and did not challenge the issues raised in this petition or other meritorious claims. Mr. Woolem further asserts that a competent attorney would have been aware that the Ninth Circuit does not review challenges to effectiveness of counsel on direct appeal.

Mr. Whitaker provided effective assistance of counsel. Mr. Whitaker testified that he corresponded with Mr. Woolem on legal issues that could be raised and ultimately were raised on appeal. Mr. Whitaker utilized professional discretion to determine what issues were sufficiently meritorious to be raised. While the Ninth Circuit declined to consider his ineffective assistance of counsel claim, Mr. Whitaker acted within the scope of relevant caselaw by attempting to raise the issue. In any case, Mr. Woolem did not demonstrate that but for the purported deficiencies, the outcome of his appeal would have been different.

Mr. Woolem also contends his appellate attorney was deficient because he failed to raise the above-noted issues with trial and sentencing counsel on appeal, as well as sentencing issues related to enhancements, the offense conduct section, and leader/organizer discussion in the PSIR. Mr. Whitaker did not fall below the standard for effective assistance of counsel, because the claims were not sufficiently meritorious and were, again, within his scope of professional discretion to raise. It was not unreasonable for Mr. Whitaker to decline to raise those issues and reserve others for a potential habeas petition or other proceedings. Mr.

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** *11

Woolem also did not show that the alleged deficiencies had any effect on the judgment. Mr. Woolem failed to meet either element required by *Strickland*.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 429, is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this file and the related Case No. 1:20-CV-03117-SAB.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 27th day of July 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** *12